IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEMARIO DONTEZ WALKER**     **PLAINTIFF**

v.     **No. 4:22CV173-GHD-RP**

**DR. WILLIAMS T. BRAZIER, MD, ET AL.**     **DEFENDANTS**

**ORDER *GRANTING* PLAINTIFF'S MOTION [9] TO REINSTATE CASE;
*REINSTATING* PLAINTIFF'S MOTION [2] TO PROCEED AS A PAUPER;
*DENYING* PLAINTIFF'S MOTION [2] TO PROCEED AS A PAUPER;
*SETTING* DEADLINE OF 21 DAYS FOR PLAINTIFF TO PAY FILING FEE**

The plaintiff has moved [9] to reinstate the instant case, which the court dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with an order of the court. Doc. 6. In addition, the plaintiff seeks to proceed *in forma pauperis* in this case. For the reasons set forth below, the motion to reinstate this case will be granted, and the motion to proceed *in forma pauperis* will be denied.

**Motion to Reinstate Case**

The plaintiff has moved [9] to alter or amend the court's judgment under Fed. R. Civ. P. 60(b). The court dismissed this case without prejudice because the plaintiff did not complete and return several forms necessary for the expeditious administration of this case, as ordered. Doc. 5 (order requiring return of documents); Doc. 6 (order of dismissal for failing to return documents). In the instant motion [9] the plaintiff argues that he never received the court's order requiring him to complete and return the documents – and thus did not have notice that he must do so. Indeed, the plaintiff did not complete and return the acknowledgment of receipt of the order [5] to return the documents (or the order of dismissal), a fact supporting his allegation that he lacked notice of the order. As such, the instant motion [9] to alter or amend judgment under Fed. R. Civ. P. 60(b) will be

granted, and the instant case will be reinstated to the court's active docket. In light of this ruling, the plaintiff's motion [2] to proceed *in forma pauperis* will also be reinstated.

### The Plaintiff's Motion to Proceed *In Forma Pauperis*

The *pro se* prisoner plaintiff has moved [2] to proceed *in forma pauperis* in this challenge to the conditions of his confinement under 42 U.S.C. § 1983. He long ago "struck out" under the three strikes provision of the Prison Litigation Reform Act 28 U.S.C. § 1915(g). *See Walker v. Turner*, 4:18CV48-GHD-DAS (N. D. Miss., April 2, 2019). Section 1915(g) prohibits a *pro se* prisoner plaintiff from obtaining pauper status if he has,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

*Id.*

Walker acknowledges that he has accumulated three "strikes" but argues that his case falls within the exception to the three strikes rule because he "is under imminent danger of serious physical injury." *Id.* He alleges that he is a transgender inmate (diagnosed with gender dysphoria disorder) – born male, but wishing to be female.[1] Doc. 1. He further alleges that he is entitled to treatment – including surgery to conform his body more closely to that of a female. *Id.* He argues that the defendants have refused to provide treatment for this condition, other than administration of female hormones – and that the refusal to do so leaves him in danger of psychological injury, self-harm, and suicide. *Id.* As discussed below, Walker made identical arguments in a case recently dismissed in the United States District Court for the Southern District of Mississippi, which rejected his claim of imminent danger and sanctioned him for being dishonest in making that claim. *See Walker v. Perry*, 1:20CV302-HSO-BWR (Memorandum Opinion and Order Adopting Report and Recommendation,

---

[1] As the Mississippi Department of Corrections website lists Walker's sex as "Male," the court will refer to him as such.

Revoking *In Forma Pauperis* Status, Imposing Sanctions, Dismissing Case Without Prejudice) (S. D. Miss., October 10, 2022). For the reasons set forth below, the instant motion to proceed *in forma pauperis* will be denied under the "three strikes" provision of the Prison Litigation Reform Act.

### The Plaintiff's Extensive History of Vexatious, Frivolous, and Meritless Filings

Demario Dontez Walker is, to say the least, a frequent filer of *pro se* prisoner cases, whether they involve conditions of confinement, such as this one, *habeas corpus* challenges to his convictions and sentences under 28 U.S.C. § 2254, or matters in state court. As our sister court in the Southern District of Mississippi has noted:

> [Walker] should be keenly aware of the necessity of pleading *facts*. In this district alone he has filed almost fifty § 1983 lawsuits, and he has accumulated nine strikes.

*Walker v. Hollaway*, No. 1:17CV244-LG-RHW, 2018 WL 7283267, at *2 (S.D. Miss. Nov. 7, 2018), *report and recommendation adopted sub nom. Walker v. Holloway*, No. 1:17CV244-LG-RHW, 2019 WL 507490 (S.D. Miss. Feb. 8, 2019). Mr. Walker has filed cases with various federal district courts and courts of appeal (some 88 at last count), and that does not include his *habeas corpus* cases. *Walker v. Perry, supra*. Our sister court in the Southern District of Mississippi points out that, not only does Walker file numerous frivolous and malicious cases, despite his barred status, "[he] also litters the record in each case [he] files with a continuous barrage of often-nonsensical motions and other filings, frequently at a blistering pace." *Id.* at 19.

This court has also noted Walker's propensity to file numerous meritless cases – and that, within each case, "he files motions and pleadings at a blistering pace, overwhelming both the defendants and the courts in a frenzy of largely meritless filings." *Walker v. Turner*, 4:18CV48-GHD-DAS (N. D. Miss., April 2, 2019). This court noted that Walker has likewise flooded Mississippi's state courts with meritless and vexatious litigation, filing: "over forty non-*habeas* lawsuits for perceived mistreatment while incarcerated." *Id.* at 2.

Walker has been sanctioned for this behavior, both by this court and by the Southern District. This court now requires that, before Walker may file suit, "for each allegation, he must provide some documentary evidence tending to show that the events alleged actually occurred." *Walker v. Turner, supra*, at 14. The Southern District has imposed a monetary sanction of $50 against Walker (in Case No. 1:19CV269-LG-RHW). As discussed below, the Southern District imposed additional sanctions in a later case involving issues identical to those in the instant case. Walker's sanctions arise, primarily, from his propensity to file lawsuits without factual basis.

### Walker's Substantially Identical Claim of Imminent Danger of Serious Physical Injury Was Recently Rejected in the Southern District of Mississippi

Walker has raised the same allegations of imminent danger of serious physical injury in a case filed with the Southern District – *Walker v. Perry*, 1:20CV302-HSO-BWR (S.D. Miss, Order of October 14, 2022). The matter was referred to the Magistrate Judge, who held a hearing, took testimony, and received evidence. *Id.* The Magistrate Judge found in his Report and Recommendation that the plaintiff had not shown that he had been in imminent danger of serious physical injury when had had filed suit – and recommended denial of Walker's motion to proceed as a pauper. *Id.* In a detailed and well-reasoned opinion, the District Judge in that case approved and adopted the Report and Recommendation, finding that Walker had provided no documentary evidence to support his allegations – and that he had been dishonest in his assertions of imminent danger. *Id.* Indeed, Walker had seen prison medical staff numerous times over a period of years – and had repeatedly *denied* that he had suffered from suicidal ideations – and had never reported self-harm (assertions contrary to those he had previously presented to the court). *Id.* Indeed, when pressed, Walker changed his allegation, stating that, though he did not have suicidal thoughts when he filed suit – he feared that he might have them in the future if he does not receive the treatment he desires. *Id.*

The Southern District noted the complete lack of proof to support Walker's allegations, despite his multiple opportunities to present such proof, as well as the substantial documentary evidence to the contrary. *Id.* Indeed, the District Judge found that Walker had made dishonest representations about imminent danger, revoked his *in forma pauperis* status, and barred him from filing any new case in that court unless he is granted pauper status. *Id.* In addition, if Walker wishes to proceed without pauper status, he must, at the time of filing, pay both the full filing fee and the full $50 sanction. *Id.* Further, should Walker seek pauper status in the future, the court requires him to submit both the *in forma pauperis* application and proposed complaint – and attach "documentary proof of any imminent danger of serious physical injury, for the Court's consideration." *Id.*

**Walker' Present Allegations of Imminent Danger of Serious Physical Injury**

In the present case, Walker also alleges that he is in danger of harming himself if he does not receive additional medical treatment for gender dysphoria disorder (specifically sex reassignment surgery and hair removal by electrolysis). Doc. 1. Once again, however, Walker has provided no documentary evidence to support his allegation that he would be in danger of self-harm if he does not receive such medical treatment. Under the sanction this court has imposed, before he may file suit in this jurisdiction, "for each allegation, he must provide some documentary evidence tending to show that the events alleged actually occurred." *See Walker v. Turner*, 4:18CV48-GHD-DAS (N. D. Miss., April 2, 2019). In the present case, he has, once again, provided *no* documentary evidence to support his allegation that he is in danger of self-harm. As such, Walker has not fulfilled the filing requirements under this court's sanction, and the instant motion to proceed *in forma pauperis* will be denied. As Walker may not proceed as a pauper, he must pay the filing fee in full before proceeding with this suit. The deadline for doing so is 21 days from the date of this order.

- 6 -

## Conclusion

For the reasons set forth above:

(1) The plaintiff's motion [9] to reinstate this case is **GRANTED**;

(2) The Clerk of the Court is **DIRECTED** to reinstate the plaintiff's motion [2] to proceed *in forma pauperis*;

(3) The motion to proceed *in forma pauperis* is **DENIED** under the "three strikes" provision of 28 U.S.C. § 1915(g); and

(4) The deadline for the plaintiff to pay the full filing fee in this case is 21 days from the date of this order. **If the plaintiff fails pay the fee by the deadline, the Clerk of the Court is DIRECTED to dismiss this case without further action by the court.**

**SO ORDERED**, this, the 8th day of December, 2023.

_____
SENIOR JUDGE